IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*BRS v. Volkswagen AG, et al., No. 16-cv-3435* | Case No.  16-cv-03435-CRB<br><br>**ORDER RE: BONDHOLDER ACTION STATUS** |

The Court received a letter from Defendants regarding an undecided motion for summary judgment in BRS v. Volkswagen AG, et al. (the "Bondholder Action"), wherein the Defendants urged the Court to decide the motion without any further discovery. See Letter (dkt. 8210); see MSJ (dkt. 6423).  The Court ordered Plaintiff to respond to Defendants' letter.  See Order Directing Resp. (dkt. 8211).  Plaintiff responded, and Defendants filed an additional letter.  See Pl. Resp. (dkt. 8213); Letter #2 (dkt. 8214).

In its response, Plaintiff requests further limited discovery—specifically, depositions of three former Santander employees—on the issue of reliance. See Pl. Resp. at 1.  Given that the testimony from these witnesses will directly bear on the remaining, dispositive issue in Defendants' motion for summary judgment, the Court finds this limited discovery warranted.[1]  Defendants argue that these depositions are futile because those

---

[1] Defendants assert that Plaintiff was not diligent in conducting discovery, i.e., requesting depositions for these witnesses, prior to Defendants' filing of its motion for summary judgment.  See Letter #2 at 1–2.  At the very worst, Plaintiff's delayed seeking additional discovery for about a month.  Id.  That does not constitute unreasonable delay in the Court's eyes, and without any other evidence of delay, the Court finds that Plaintiff did

three witnesses either do not remember the purchase of the bonds at issue or were uninvolved in the trades. See Letter #2 at 1. That may turn out to be true, but the Court is not convinced at this time.

Therefore, the Court GRANTS Plaintiff's request to conduct limited discovery, subject to the following conditions: Plaintiff may take the depositions of Paul Hopgood, Jaime Pandal, and Jesus Mattei, not to exceed one hour per deponent. In each deposition, Plaintiff can only ask questions about the issue of reliance. Plaintiff shall take these depositions within the next **45 days**. No further depositions will be permitted after this time.

The Court's decision on Defendants' motion for summary judgment will determine whether the Court need rule on Plaintiff's class certification motion. Therefore, the Court will issue a decision on Plaintiff's request to file a revised motion for class certification in due course.

**IT IS SO ORDERED.**

Dated: April 22, 2024

CHARLES R. BREYER
United States District Judge

---

diligently pursue its previous discovery opportunities.